INHABITANTS OF SMITHFIELD *versus* INHABITANTS OF BELGRADE.

Where a part of one town has been annexed to another, a pauper residing on the part annexed with one who had contracted with the town to support him, but whose residence had, prior thereto, been in a part not annexed, is not thereby transferred to the town to which the annexation is made — such residence being merely temporary, and not established in that part of the town in which it is.

The settlement of a pauper which is in a part of a town which is annexed to another, though he has removed from such part before the annexation, is transferred to the new town by virtue of St. 1821, c. 122, § 2, which provides that a person so circumstanced " shall have his legal settlement in that town wherein his former dwellingplace or home shall happen upon such division."

The family of a pauper, in his absence and without his assent or knowledge, moved into that part of a town which was subsequently incorporated with part of another as a new town, and received assistance before such incorporation; the pauper returned to his family after the act of incorporation; *it was held*, that such incorporation did not affect his settlement, he having conceived no intention of removal previous thereto.

ASSUMPSIT, for supplies furnished Oliver Stevens, and Timothy Staples and family, paupers, whose settlement was alleged to be in the defendant town.

The parties agreed to submit the cause to the whole Court for their decision, upon the following statement of facts.

Oliver Stevens, a *non compos* boy, had his legal settlement in that part of Dearborn now Smithfield. About six years ago his father died and the family was broken up. Since that time he has been a town pauper, but never resided in that part of Dearborn annexed to Belgrade, until May 1st, 1838, prior to said annexation, which took place by the act passed 22d March, 1839, when he was taken by Jacob Maine, a resident

in that part of Dearborn annexed to Belgrade, on a contract for one year, and actually lived with said Maine until the first of May following the annexation, when he went back to that part of Dearborn now Smithfield, and was there at the time of the incorporation which was on the 28th of Feb. 1840, being supported by said town as a pauper; of which Belgrade was notified by Dearborn, but their liability was denied by said Belgrade.

Timothy Staples and family had a legal settlement in that part of Dearborn annexed to Belgrade, but had left that part prior to said annexation. His family lived in that part of Dearborn that was incorporated into Smithfield at the time of said incorporation, but Staples himself went to Massachusetts in April, 1839, and returned to his family in 1840. Said family moved into that part of Dearborn now Smithfield, in Sept. 1839. Two months after this, they became chargeable, upon which Dearborn notified Belgrade, which town forthwith denied their liability.

It was admitted, that the overseers of the poor of Smithfield gave legal notices of the situation of the paupers, and that they were chargeable, and requested that they should be removed, and did every thing necessary to charge the defendant town, if the paupers, or any of them, had their legal settlement therein; and that the action was seasonably brought; and that the inhabitants of Belgrade returned in due season answers denying their liability to support said paupers, or either of them.

The expenses incurred for the support of Oliver Stevens are forty-one dollars, and for the support of Timothy Staples and family are ten dollars.

Judgment is to be rendered for the sum or sums aforesaid, according as the Court shall determine the liability of the town of Belgrade.

*Tenney,* for the plaintiffs. The annexation of part of Dearborn to Belgrade, has the same effect as the incorporation of a new town. *Hallowell v. Bowdoinham,* 1 Greenl. 129. But it transfers none except those who dwell and have their home on the part set off, at the time of the separation, and have their

legal settlement there. *Fitchburg* v. *Westminster*, 1 Pick. 144; *Sutton* v. *Dana*, 4 Pick. 117. Stevens being a *non compos*, did not prevent his having a home where he dwelt. *Lubec* v. *Eastport*, 3 Greenl. 220. His being a pauper did not prevent his gaining a settlement in Belgrade. The law embraces all persons; making no distinction between those who are and are not paupers. *Windham* v. *Portland*, 4 Mass. R. 384; *Groton* v. *Shirley*, 7 Mass. R. 156. Here, by the agreement, the pauper was settled in Dearborn, before the annexation, and dwelt and had his home on the annexed part. When Smithfield was incorporated, it took no part of Belgrade. Incorporating one town out of several others, did not relieve those towns from liability. The new town is liable only for those who dwell and have a legal settlement within their limits. But here the pauper had no legal settlement in any town. *New Portland* v. *Rumford*, 13 Maine R. 299.

The residence of Staples was in the part annexed to Belgrade. His family had removed to Smithfield in his absence. If his home was in Dearborn, the removal of his family will not affect his residence. *Sidney* v. *Winthrop*, 5 Greenl. 123; Special Laws, c. 553.

*Bouielle*, for the defendants. The language in the two acts of incorporation, is the same in each case, and does not vary from the 6th mode in c. 122, § 2. The *non compos* had no intention; he could have none; not having the intention, which is the essence of home, or domicil, he had no home; he had a settlement in Dearborn, but the statute requires a home in the part set off. *Upton* v. *Northbridge*, 15 Mass R. 237. He was a mere boarder, residing with Maine for a temporary purpose. *St. George* v. *Deer Isle*, 3 Greenl. 390; *Knox* v. *Waldoborough*, 3 Greenl. 455; *Hallowell* v. *Gardiner*, 1 Greenl. 93. A slave gains no home, and the condition of a *non compos* is no better. Two circumstances must concur — a settlement in the town, and a home on the part annexed, to bring a case within the sixth mode of gaining a settlement by virtue of St. c. 122, § 2.

Staples was absent only for temporary purposes, and aban-

donment is not to be presumed. He returned to his family, and his settlement is to be referred to that of his family. *Richmond* v. *Vassalborough*, 5 Greenl. 396.

The opinion of the Court was delivered by

WESTON C. J. — By the sixth mode of gaining a settlement under the Statute of 1821, c. 122, § 2, it is provided, that upon the creation of a new town, out of a part of one or more old towns, " all persons legally settled in the town or towns, of which such new town is so composed, and who shall actually dwell and have their homes within the bounds of such new town, at the time of its incorporation, shall thereby gain legal settlements in such new town." And it has been decided, that where a part of one existing town is annexed to another, the effect is the same, as to the transfer of settlements, as if a new town had been created out of the two towns. *New Portland* v. *Rumford*, 13 Maine R. 299, and the cases there cited.

By the general law, therefore, if Stevens dwelt and had his home in that part of Dearborn, which was annexed to Belgrade, at the time of the annexation, his legal settlement being before in Dearborn, it was thereby transferred to Belgrade, and not otherwise. He then was, and had been for several years, a town pauper. He had never resided on that part of Dearborn, annexed to Belgrade, until about ten months prior to the annexation, when he was put to live with Jacob Maine, who had his residence on that part of Dearborn so annexed, who had contracted with the town of Dearborn to support him. And we are of opinion, that a temporary residence, under these circumstances, did not establish his home in that part of the town. The effect of an opposite construction would be to transfer all the paupers of Dearborn to Belgrade, if Maine's had been appointed as their temporary residence. A different result is not deducible from the special act of 1839, c. 553, which provided for the annexations, " the inhabitants having a legal settlement " in that part of Dearborn, must be understood to mean such as dwelt, and had their home there at the time.

With regard to Timothy Staples and family, he had left that part of the town, at the passage of the act, and was therefore not transferred in virtue of its provisions. His settlement was in Dearborn. He had removed from there, at the time of the annexation ; but his former home was in that part of Dearborn, annexed by that act to Belgrade. His case then falls under another clause of the sixth mode, before referred to, which provides that a person so circumstanced, " shall have his legal settlement in that town, wherein his former dwellingplace or home shall happen to fall upon such division." The settlement of Staples then, and of his family derivatively from him, was transferred to Belgrade, and there remains, unless he subsequently acquired a settlement in Smithfield.

It appears that in September, 1839, the family of Staples moved into the part of Dearborn, now Smithfield, he himself having gone the April before to Massachusetts. Two months after their removal, the family became chargeable to Dearborn, and Staples himself joined them the following April, somewhat more than a month after the incorporation of Smithfield. By the act of incorporation, which passed Feb. 29, 1840, Special Acts of 1840, c. 27, a part of Dearborn, " with the inhabitants having a legal settlement thereon," with parts of other towns, and East Pond plantation, were incorporated into a town, by the name of Smithfield. Staples had at that time never resided in that part of Dearborn. His family had gone there, but whether with his privity or assent, does not appear. They went destitute ; becoming in a short time actually chargeable to the town. He joined them the April following the incorporation ; but it is not stated that he conceived the intention of doing so at an earlier period. He found them paupers, and he has become chargeable himself. Upon these facts, we cannot regard it as proved, that he was, at the time of the incorporation, an inhabitant of that part of Dearborn, having his legal settlement there. He had then in truth no settlement in Dearborn, his settlement having been legally transferred to Belgrade, before the removal of his family.

Upon the facts agreed, the defendants are liable for the support of Staples and his family, but not of Stevens.